EDWARD M. IACINO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Iacino v. Commissioner
Docket No. 23189-90.
United States Tax Court
T.C. Memo 1992-111; 1992 Tax Ct. Memo LEXIS 132; 63 T.C.M. (CCH) 2184; T.C.M. (RIA) 92111; February 24, 1992, Filed *132 An order will be entered dismissing this case for lack of jurisdiction on the ground that the petition was not timely filed. Robert E. Pennington, for petitioner. James Gehres, for respondent. DAWSON, PAJAK
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge John J. Pajak pursuant to the provisions of section 7443A(b) (4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction and petitioner's cross-motion to dismiss for lack of jurisdiction. The sole issue for decision is whether the notice of deficiency was mailed to petitioner's "last known address" within the meaning of section *133 6212(b). Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6659
Sec. 6661
1980
$ 138,345
-- --  1981
150,981
$ 45,294
--  1982
79,344
23,803
$ 19,836
For the years 1980, 1981, and 1982, respondent also determined that petitioner is liable for increased interest under section 6621(c) (formerly 6621(d)). For convenience, we have combined the findings of fact and opinion. Petitioner resided in Scottsdale, Arizona, at the time he filed his petition and amended petition in this case. On July 16, 1990, respondent sent a duplicate notice of deficiency to petitioner at the following addresses: c/o Seattle Fish Company, 6221 East 42nd Avenue, Denver, Colorado 80216 and 322 Beaver Dam, Vail, Colorado 81657 The parties agreed that petitioner's last known address was: c/o Seattle Fish Company, 6211 East 42nd Avenue, Denver, Colorado 80216 This was petitioner's business address and was reflected on his timely filed 1989 Federal income tax return. It is undisputed that the Seattle Fish Company is located in a large warehouse and office building which occupies a *134 substantial portion of the 6200 segment of the block along East 42nd Avenue and is clearly identified by a sign. It is well settled that to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. ; . The Commissioner is authorized to send a notice of deficiency by certified or registered mail if he determines there is a deficiency in tax. Sec. 6212(a). Mailing the notice of deficiency to the taxpayer's last known address shall constitute sufficient notice. Sec. 6212(b)(1). Once the notice of deficiency has been mailed, the taxpayer has 90 days (150 days if addressed to a person outside the United States) in which to file a petition with this Court. Sec. 6213(a). It is well settled that a notice of deficiency is valid even if it is not received. , affg. an unpublished opinion of this Court; ; , *135 affd. without published opinion . Due to the administrative burdens of the Internal Revenue Service, Congress did not intend to require actual notice. Rather, it permitted the use of a method that would ordinarily result in such notice. . The statute is satisfied as long as the notice of deficiency is mailed to the taxpayer's "last known address". Respondent sent duplicate notices of deficiency to petitioner on July 16, 1990. Because the last day of the 90-day period was a Sunday, that day is not counted under section 6213(a), and the petition would have been timely if filed on October 15, 1990. Petitioner delivered his petition to a private carrier on October 15, 1990, which was not a legal holiday in the District of Columbia, and such petition was not filed with this Court until October 16, 1990. The petition is untimely because it was filed after the expiration of the 90-day period after the issuance of the notice of deficiency. Accordingly, this case must be dismissed. If respondent issued a valid *136 notice of deficiency, the petition must be dismissed for lack of jurisdiction as untimely. However, if jurisdiction is lacking because of respondent's failure to issue a valid notice of deficiency, we will dismiss the case on that ground. , affd. without published opinion . The taxpayer's "last known address" is the address to which, in light of all surrounding circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. . Petitioner argues that the notice of deficiency is invalid because it was addressed to 6221 East 42nd Avenue instead of 6211 East 42nd Avenue. We find this to be an inconsequential error in the address of the notice of deficiency which does not destroy its validity. ; . See , affd. ; . *137 Petitioner relies on , a case in which the District Court found that section 6212(a) was not satisfied where there was an error in the address on the notice of deficiency. Aside from all else, that case is distinguishable on its facts because the taxpayer lived on a street with approximately 20 single-family dwellings with five houses with addresses bearing one number of a two-digit number. Here petitioner's failure to meet the 90-day requirement was caused by the petition being delivered to a private carrier on the last day of the 90-day period, and not as a result of the inconsequential error in the address of the notice of deficiency. If mailing results in actual notice without prejudicial delay, it meets the conditions of section 6212(a) no matter what address was used by the Commissioner. Clodfelter v. Commissioner, 527 F.2d at 757. Neither of the notices of deficiency sent to petitioner was ever returned to the Internal Revenue Service. We also note that petitioner failed to testify at the hearing, and no evidence was received with respect to whether or not he experienced prejudicial *138 delay. There is no evidence in the record that the notices sent to petitioner were not actually received in a timely fashion. The copy of the notice of deficiency addressed to Vail, Colorado, was received by petitioner and attached to his petition. The rule is well established that the failure of a party to introduce evidence within his possession which, if true, would be favorable to him, gives rise to the presumption that if produced it would be unfavorable. , affd. . Therefore, we alternatively conclude that petitioner actually received a valid notice of deficiency in sufficient time to file a timely petition. We hold that petitioner's petition was not timely filed within the meaning of section 6213(a). Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted, and petitioner's motion to dismiss will be denied. Petitioner is not without remedies. Petitioner has asked that we find deficiencies and additions to tax in accordance with a settlement offer. Because we had a jurisdictional question before us, we had to address *139 that issue and dismiss this case for lack of jurisdiction. But as indicated at trial, the Appeals Division has agreed to accept a settlement offer under consideration during the 90-day period if the Court enters an order granting respondent's motion to dismiss. Thus, the parties remain free to settle their differences. Otherwise, petitioner may pay the tax, file a claim for refund, and, if the claim is disallowed, file a refund suit in the United States District Court or the United States Claims Court. Sec. 7422; . An order will be entered dismissing this case for lack of jurisdiction on the ground that the petition was not timely filed. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩